The opinion of the Court was delivered by
Todd, J.
This is an action of partition. The plaintiff and defendant are the joint owners of a plantation known as the “Pargoud Upper Place.” Both parties are desirous of a partition, and they only differ ill regard to the mode.
The plaintiff appeals from a judgment directing a partition in kind.
Art. 1339 O. C., provides:
“ When the property is indivisible by its nature, or when it cannot he conveniently divided, the Judge shall order, * * * on proof of either of these facts, that it shall be sold at public auction, etc.”
Art. 1340: “ It is said that a tiling cannot be conveniently divided, when a diminution of its value or loss, ox inconvenience of one of the owners, would be tlie consequence of dividing it.”
These Articles are plain aud unambiguous. In this case a large plantation is sought to be divided. A division in kind should give to each proprietor a smaller plantation, if not complete, with at least a share of the open land, woodland, buildings, etc., if not exactly equal, approximating equality. In the language of former decisions on this subject, “ the property must he susceptible of division into two parts of equal value, without the cantling of tenements to an injurious extent.” 15 An. 697.
This rule may he too exact, and may be subject to variation, according to circumstances. The general rule declared is, however, correct.
In the. instant case, the plantation consists of 984.85 acres, of which 500 are in cultivation. It is well improved, having all the required buildings and their ai>purten anees, yvhieh give great value to the place. These buildings, it is, however, shown, occupy a space of less than fifty acres, aud according to the evidence in the record, no division of the plantation could be made that would divide these buildings between the proprietors/ with an adequate share to each, of the open *970 land and woodland. The testimony, to our minds, leaves no doubt on this point. It is the testimony of men of the largest experience, and thoroughly familiar with the place, and upon whose judgment on the subject we have great reliance.
A partition in kind, if not. wholly impracticable on the principles announced, would be, to say the least, extremely inconvenient and injurious. We, therefore, think the Judge of the first instance was in error in ordering this mode of partition.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed ; and proceeding to render such judgment as the lower court should have rendered, it is ordered, adjudged and decreed, that there be a partition of the lands and plantation described in the partition between plaintiff and defendant; and to effect said partition, it is further ordered, adjudged and decreed, that the said property be sold at public auction, according to law, after due appraisement of the same, the costs of said proceedings and of the sale, and likewise the costs of the lower court, to be paid ecpially by the parties to the suit, and of this appeal, by the defendant and appellee.